GheeN, J.
delivered the opinion of the court.
The Planters’ Bank recovered a judgment against Joseph W. Chalmers and others, upon which a fi.fa. issued, and was levied on the land in controversy, which was sold by the Sheriff, and purchased by the Planters’ Bank the 3d day of October, 1840. The complainant, ignorant of the lien of the Planters’ Bank by virtue of its judgment, purchased the land from Chalmers and took a deed therefor, dated the 6th of May, 1839. On the 3d-of October, 1842, the complainant, as the agent of Chalmers, paid into the Clerk’s office of the county of Madison, the purchase money bid by the Planters’ Bank, and all interest and charges, which the redemption law of 1820 required should be paid, in order to entitle the debtor to a re-conveyance of the land. The bank refused to re-convey, and this bill is brought to enforce the right of redemption.
The defendant demurred; and the principal question is, whether the day of the sale of the laud is to be included or ox- *621 dueled in the computation of the two years allowed by the law for the redemption. By the act of 1820, ch. 11, the debtor whose land maybe sold by execution, may redeem it .“at any time within two years after such . sale.” The sale is an act done or event happening; and according to the old cases, to be found in Co. Litt. 166, Hobart’s Reports 180, and 20 Yin. Ab. 266, the computation of time shall commence presently, and include the day of the sale; but if an instrument be made to take effect from the day of the date, the day shall be taken exclusive. But this distinction has not been adhered to, in subsequent cases, either in England or the United States; it originating in a verbal criticism, not warranted by the true meaning of the language employed. If an instrument take effect from the day of the date, it is said the day is excluded by the express words — but that such is not the case, if it take effect from the sealing and delivery. Except in peculiar cases the law computes no fraction of a day. It must be taken entire, and if it be reckoned at all, the whole day is counted. As it is, therefore, indivisible, it is as a mere point of time, embracing only the moment the act is done, And when it is said, a deed shall take effect from the delivery, the meaning is, “from the time of the delivery,” which is the same thing as to say, from the day of delivery, for what is the day but the measure of time, and .being indivisible, a mere point, the time of delivery is necessarily the day of delivery. But it is argued, that this is a fiction of law — that in fact the day is twenty-four hours, and that the "sale occurred at some one hour of the day, after which a portion of the day existed, which must be. counted as an entire clay. But it may be answered;-it is but a fiction of law that counts such portion of a day as an entire day, and if we resort to itat all, let it be carried to thelegitimate .result, which we have seen must follow. The bill alledges, that in point of fact, the redemption money was paid before the expiration of the two years — that is, at an earlier hour the 3d of October, 1842, than that at which the sale occurred the 3d of October, 1840; so -that without the fiction, as to the indivisibility of a day, there -would be no question in the case. But all agree the - day cannot be diyided. Wc must, therefore, include it or exclude it *622 in the computation. It has already been stated, that the distinction in the computation of time, from an act done, and from the day of the date of an instrument, has not been adhered to by the courts. On the contrary, cases exist, when the day of the date has been included, in opposition to the rule, in order to save the right intended to be secured; and on the other hand, where the day the act was done has for a similar reason been excluded. Indeed there has been no attempt at uniform-of decision upon the subject, so' that the distinction may be regarded as entirely exploded. The principle that seems to have governed in all the modern cases is, that the time will be so computed, as to save the right intended to be favored by the law, or to be secured by the parties to a contract. Thus in the case of Pugh vs. The Duke of Leeds, (Cowp. Rep. 714,) there was power to lease in possession and not in reversion; the habendum was “from the day of the date of said indenture.” for twenty-one years. It was held, that the day of the date was included — that the deed took effect in possession; and was valid. Lord -Mansfield held, that whether the first dajr shall be included or not, depends on the context and subject matter, and that the first day should be either included or excluded, accord- ■ ing to the subject matter or intention of the parties. So in the case of The King vs. Aderly, (Doug. 462,) where the day on which the Sheriff’s office expired, was held to be included in the six months, after which he is not to be called on to return process. The Court of King’s Bench first thought the day should be excluded, but Lord Mansfield, in delivering the final judgment, said, that the act was made for the ease of Sheriffs, and on that ground, chiefly, the court determined that the day should be included. In the case of Lester vs. Garland, (15 Vesey, 248,) Sir William Grant, the Master of the Rolls, excluded the day of Sir John Lester’s death, from the computation of the six months allowed his sister, Mrs. Pointer, to give security that she would not marry A. Here the computation was from an event happening, and according to the old rule, the day would be included, but to prevent a forfeiture, and in favor of the right, it was excluded. The Master of tlio Rolls explodes the old doctrine, and declares, that no general rule *623 should be laid down,, for eases would occur, the reason of which would require that exceptions should be made. In the case of Dowling vs. Foxall, (1 Ball & Beaty, 193,) it was held, that the six months given to. a tenant to redeem under the Irish statutes of ejectment, for non-payment of rent, are calendar months, and the day the habere is executed is not to be included in the calculation. 2 Bridgman’s Dig. 560. Here too, the computation is from an act done, and yet to favor the right and prevent a forfeiture the day was excluded. So in the case of Bigelow vs. Wilson, (1 Pick. 485,) the court held, that in computing the time allowed by statute 1815, ch. 137, §51, for redeeming a right in equity sold under execution, which is “within one year after the time of executing by the officer to the purchaser, the deed thereof” — the day on which the deed is executed is to be excluded. The cases of Lester vs. Garland, Dowling vs. Foxall, and Bigelow vs. Wilson, are all, in principle, like the one before us; and although in the case of Pugh vs. The Duke of Leeds, and The King vs. Aderly, the first day was included — they were decided upon the general principle that has been stated, viz, that the time will be so computed as to save the right intended to be favored by the law, or to be secured by the parties to a contract. Although, therefore, the first day is included in many cases, owing to the subject matter, yet it is laid down by Mr. Chitty, (Genl. Prac. 774,) that the general rule is to exclude the first day. The policy of our law is to protect real estate from execution sale so long as the debtor has other property to satisfy his creditor; and when the sale of his land' shall become necessary, the law throws guards around him to prevent a sacrifice of the estate; and after it shall have been sold, he is allowed two years to redeem it. Surely there is no right that should be more favored by the courts than this right of redemption. Without doing any injury to the purchaser, it enables the unfortunate debtor to recover his homestead, where he may have reared his family, and where may be the bones of his ancestors. If, therefore, in any case, the computation shall exclude the day, on account of the subject matter, to save the right, and prevent a forfeiture, those considerations should control in this case.
*624 2. It is insisted, that Chalmers should have been made a party to this bill. We perceive no reason for making him a party. He had conveyed this land to the complainant long before the execution sale; and although by the statute the debtor, and not the purchaser from him, must redeem — yet when the redemption was made in the name of Chalmers, the debtor, the right thereby secured, inured to the benefit of the complainant, who, on thé failure of the Bank to convey to Chalmers, has pro.perly brought this bill to enforce a conveyance to himself. Chalmers has no legal or equitable right to the land. It is all vested in the complainant by his deed. There could not be any decree, either in favor of Chalmers or against him. It would have been improper, therefore, to have made him a party.
The decree must be reversed, and the demurrer disallowed.